## BROOKS *v.* HANOVER NAT. BANK.

*(Circuit Court, S. D. New York.* January 28, 1886.)

1. FACTOR—PLEDGE OF MERCHANDISE—VALIDITY.
    By the statute, the factor is to be deemed the true owner of the merchandise, so far as to give validity to a pledge thereof in security for a loan, if he has been intrusted with the possession of the property for the purpose of sale, or as security for advances to be made or obtained upon it.

2. WAREHOUSE RECEIPTS—NEGOTIABILITY.
    Warehouse receipts, by statute, in New York, are negotiable instruments, and by indorsements transfer the merchandise for which they are given, upon surrender of the receipt.

At Law.

*Roger A. Pryor*, for plaintiff.

*Moore, Low & Wallace*, for defendant.

WALLACE, J. In October, 1881, the defendant sold certain cases of opium, of the value of $4,412.06, which had been pledged to it by Davis & Co. in May, 1879, as security for loans made and to be made by the defendant to that firm. New loans were made after the pledge, from time to time, by the defendant to Davis & Co., upon the security of the opium, and at the time of the sale, which was made to satisfy the pledge, Davis & Co. were indebted to the defendant upon one loan of $2,000 made February 19, 1881, and upon another loan of $3,000 made January 4, 1881, for which the defendant also held additional security. At the time of the original pledge, the opium was the property of one Hatch, (under whom the plaintiff makes title,) and had been in the possession of Davis & Co. as his factors for sale.

They had stored it with a warehouseman, and had taken a warehouse receipt, in the usual form, by which the opium was deliverable to them or their order upon surrender of the receipt. Davis & Co. pledged the opium to defendant by the indorsement and delivery of this receipt.

This is an action of trover for the conversion of the opium, and the only question is whether the defendant acquired a good title to it under the factors' act. If, after applying the avails of the additional security taken by the defendant upon the $3,000 loan, the defendant received from the proceeds of the sale of the opium any sum in excess of its debt against Davis & Co., the plaintiff is doubtless entitled to that sum, and can recover it in an appropriate action; but here the only question is whether the act of the defendant in selling it to satisfy the pledge was a conversion.

Manifestly, the loans were made and carried by the defendant for Davis & Co. upon the faith of the merchandise described in the warehouse receipt, and this being so the pledge made by the factors was as valid, under the provisions of the factors' act of this state, as a pledge by the owner would have been. By the statute the factor is to be deemed the true owner of the merchandise, so far as to give validity to such a contract, if he has been intrusted with certain documents of title mentioned in the statute by the owner, or if he has been intrusted with the possession of the property for the purpose of sale, or as security for advances to be made or obtained upon it. The case for the plaintiff has been placed upon the theory that the evidence does not show that Davis & Co. had ever been intrusted with the documents of title by the owner. If they had made a pledge of merchandise consigned to them which had not come to their possession, proof that they had been intrusted with such documents of title would have been essential, because these, under such circumstances, and according to the established usages of trade, give the exclusive control of the delivery of the property to the factor, and are the only evidence of title upon which third persons dealing with him have a right to rely. But where the merchandise has come to the factor's possession, actual or legal, no evidence of title is required. The purpose of the statute is to protect those who advance money to the factor upon the faith of the merchandise and his apparent ownership, as evinced either by the possession of the property or by the documentary evidence of title with which he has been intrusted by the owner. *Cartwright* v. *Wilmerding*, 24 N. Y. 527; *Howland* v. *Woodruff*, 60 N. Y. 73, 81.

Warehouse receipts, by statute, in this state, are negotiable instruments, and by indorsement transfer the merchandise for which they are given upon surrender of the receipt. If Davis & Co. had not delivered the opium to the warehouseman, or been at any time in actual possession of the merchandise, the possession was theirs in law when the warehouseman gave them the receipt. Thenceforth he recog-

nized their right of dominion, and his possession was theirs, in contemplation of law, and he held it merely as their bailee.

Judgment is ordered for the defendant.